Manfrey D. BUTLER, Plaintiff-Appellee,

v.

FIRST NATIONAL BANK OF COMMERCE, Defendant-Appellant.

No. 75-3445.

United States Court of Appeals,
Fifth Circuit.

May 26, 1977.

David S. Willenzik, New Orleans, La., for defendant-appellant.

Joseph W. Thomas, New Orleans, La., for plaintiff-appellee.

* Senior District Judge of the Southern District of New York, sitting by designation.

1. Exceptions for certain loans on dwellings and interim student loans are not relevant here.

2. Unlike the case at bar, *Meyers* dealt with a credit sale, and the relevant itemization provision was therefore § 226.8(c)(8)(i) rather than § 226.8(d)(3). The parallel provisions used identical language in requiring itemization of finance charge elements, and there is no reason

Edward H. Levi, Atty. Gen. of the U. S., Dept. of Justice, Washington, D. C., for other interested party.

Before GOLDBERG and TJOFLAT, Circuit Judges, and WYATT *, District Judge.

PER CURIAM:

■ This Regulation Z case involves a loan that appellant First National Bank made to Manfrey D. Butler. At the time the loan was made, 12 C.F.R. § 226.8(d)(3) required a lender to disclose "the total amount of the finance charge, with description of each amount included, using the term 'finance charge.'"[1] The Bank disclosed the finance charge on Butler's loan but did not describe "each amount included." The Bank contends that in this instance the charge consisted of a single element, interest, and that in such circumstances itemization is unnecessary. The district court held that the regulation required itemization of even a single item and granted summary judgment for Butler. We disagree and therefore reverse.

■■ *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511, 517 (5th Cir. 1976) clearly governs the issue. There we followed the Federal Reserve Board's formal interpretation of § 226.8(d)(3), holding that the itemization provision does not apply to finance charges consisting of a single element.[2] *Meyers* defeats Butler's attempt to read § 226.8(d)(3) more broadly.[3] We reject Butler's argument that the interpretation in fact amounted to an amendment and was therefore invalid for failure to comply with

to treat them differently. The Federal Reserve Board's interpretation, set out at 12 C.F.R. § 226.820, governs both. *Meyers* therefore indicates the appropriate result with respect to § 226.8(d)(3) as well as § 226.8(c)(8)(i).

3. The regulation itself has now been amended to make clear that our reading of the provision is the appropriate one. *See* 41 Fed.Reg. 28945 (1976).

the procedural requirements for the issuance of regulations.

■ Butler's sole remaining contention is that his summary judgment can be upheld on the alternative theory that the Bank failed to establish that the finance charge consisted of only a single element. Butler, however, was the party seeking summary judgment, and he therefore bore the burden of demonstrating that undisputed facts entitled him to prevail. The present record does not establish that the finance charge consisted of more than one element. Summary judgment was therefore improper. Butler will be free on remand to pursue his claim that the charge included multiple elements.

■ Butler will also be free to pursue his claims that First National violated 12 C.F.R. § 226.8(b)(4) & (b)(5), which deal with the disclosure of late charges and security interests. Because of its disposition of the case, the district court did not reach these claims. We reject First National's frivolous assertion that Butler lost these claims by failing to cross-appeal. A party in whose favor a summary judgment is granted need not cross-appeal in order to preserve its right to go to trial if summary judgment is held inappropriate.

REVERSED and REMANDED.